(No. 1757, December 29, 1914)
In the Matter of the Application of JOE BUNCH for a
Writ of Habeas Corpus.

SYLLABUS BY THE COURT.

1.   Under the provisions of Sec. 3, Chap. 78, S. L. 1913, an
election for the purpose of determining whether the sale of
intoxicating liquor shall be prohibited within a given district
cannot be held within two months preceding any other elec-
tion, and, such an election held within two months preced-
ing the regular biennial election for justices of the peace and
constables is absolutely null and void.

P. 640

Habeas Corpus.   Original in the Supreme Court. Peti-
tioner Discharged.

O. P. EASTERWOOD, Clayton, N. M., for Petitioner.

Local Option Statutes.   Laws 1913, Ch. 78; C. L. 1897,
Sec. 3224; Election void.   S. L. 1913, Sh. 78, Sec. 3; In
re Woolridge, 30 Mo. App. 212; Ex Parte Snyder, 64 Mo.
863; State ex. rel. White v. Ruark, 34 Mo. App| 325;
Woolen and Thornton "The Law of Intoxicating Liquors",
Vol. 1, Sec. 529, p. 882; Id. Sec. 531; Gossard v. Vaught,
10 Kans. 162, 26 Pac. 129; State of Nevada, ex. rel. Lewis
Hess, et al. v. The County Commissioners of Washoe Coun-
ty, 6 Nev. 104, 34 Pac. 104; Town of Grove v. Haskell,
104 Pac. 58; City of Chanute v. Davis, 116 Pac. 367;

Haskell v. Reigel, 108 Pac. 368; Winston v. State, 22 S. W. 138; Curry v. State, 13 S. W. 752; King v. State, 28 S. W. 201.

Construction of statute. O'Rielly v. Colbert and Coast Lines Hospital Association, 16 N. M. 647; U. S. v. Goldenberg, 168 U. S. 195; Baca v. Perez, 8 N. M. 197; Woolen & Thornton, Law of Intoxicating Liquors, Sec. 91; Ex parte McCardle, 12 Wall. (U. S.) 561; Doyle v. Continental Ins. Co. 94 U. S. 535; Ex parte Newman, 9 Cal. 502; Lyon v. Norris, 15 Ga. 480; McCullough v. State, 11 Ind. 424; Lilly v. City, etc., 49 N. E. 887; Coverdale v. Edwards, 58 N. E. 495; Gandy v. State, 82 Ala. 61; Sharkey v. State, 33 Miss. 353.

FRANK W. CLANCY, Attorney General, Santa Fe, N. M. and GEORGE E. REMLEY, Attorneys for Respondent.

Construction of statute. McCrary v. Williams, 154 S. W. 418; 15 Cyc. 320 and cases cited.

Notice and proclamation of special elections. 15 Cyc. 322. Requirements of statute mandatory or directory. Hogins v. Bullock, 121 S. W. 164; Hinkle v. Coleman, 92 N. E. 61; State v. School District, 124 Pac. 484; People v. Voorhees, 91 N. Y. S. 595; State v. Russel, 51 N. W. 465; Fowler v. State, 3 S. W. 255; People v. Wood, 42 N. E. 536; In re Pine Hill, 33 N. Y. S. 181; State v. Bernier, 33 N. W. 368; Landcaster v. Hamon, 156 S. W. 142.

Can the election be attacked collaterally? 23 Cyc. 101; Wesley v. State, 122 S. W. 550; Woodward v. State, 30 S. E. 522; State v. Cooper, 8 S. E. 134; State v. Emery, 3 S. E. 810; Gubb v. State, 21 S. W. 190; State v. Villiage, 128 N. W. 295; People v. Foster, 58 N. Y. S. 574; State v. Gamma, 129 S. W. 734.

## OPINION OF THE COURT.

PER CURIAM—The petitioner was arrested and is being held in custody by the Sheriff of Union County, for an alleged violation of Chapter 78, Laws 1913. The Act provides for the holding of elections in districts in the state, upon the question of the prohibition of the sale of

intoxicating liquors therein.   Section 3 of the Act pro-
hibits the holding of any such   election   within two
months preceding any other election. . The election in
this case was held on the 21st day of November, 1914,
which was within sixty days next preceding the biennial
election for justices of the peace and constables in all of
the precincts of the state, as provided for in Section 3224,
C. L. 1897.   By reason of the prohibition of the Act of
1913, this election was absolutely null and void.

It follows that the petitioner is not, and cannot be,
charged with a violation of Chapter 78, Laws of 1913,
supra.

For the reasons stated, the petitioner will be discharged.